**UNITED STATES of America**

v.

**Archie BLYTHER, Jr.**

**Crim. No. 155-67.**

United States District Court
District of Columbia.

Jan. 6, 1969.

---

See also, D.C.Cir., 407 F.2d 1279.

---

### Further Statement Denying Release Pending Appeal

GESELL, District Judge.

Archie Blyther, Jr., was found guilty by a jury on June 10, 1968, of carrying a dangerous weapon by the undersigned trial judge and sentenced from two to six years. The file shows that Blyther was sitting in an automobile that had recently been used as a getaway car in a Maryland bank holdup. He and his companion, also a frequent criminal, each had a loaded 32-caliber revolver under their seats when arrested. These wicked looking guns, in working order, were produced in court.

Following conviction and sentence, Blyther then applied for release on personal recognizance pending appeal. After reviewing the pre-sentence report of the Probation Office, information submitted by the U. S. Attorney, the Court's trial notes and considering arguments of counsel, this request was denied. A written statement as required by Rule 9 of the Federal Rules of Appellate Procedure was filed stating in part:

> Defendant has an extensive criminal record involving numerous acts of violence and including three felony convictions in the last six years. He has

no community responsibility and is a threat to the community. His appeal is frivolous.

■ Blyther then appealed seeking release on personal recognizance pending his appeal on the merits. Two judges of the Court of Appeals having considered the matter in chambers (apparently ex parte) entered a per curiam order on December 26, 1968, holding the appeal in abeyance "pending the filing of a further statement by the District Court pursuant to Rule 9 of the Federal Rules of Appellate Procedure with special reference to the matter of acts of violence and felony convictions."

Rule 9 states in pertinent part as follows:

(b) Release Pending Appeal from a Judgment of Conviction.

Application for release after a judgment of conviction shall be made in the first instance in the district court. If the district court refuses release pending appeal, or imposes conditions of release, the court shall state in writing the reasons for the action taken. Thereafter, if an appeal is pending, a motion for release, or for modification of the conditions of release, pending review may be made to the court of appeals or to a judge thereof. The motion shall be determined promptly upon such papers, affidavits, and portions of the record as the parties shall present and after reasonable notice to the appellee. The court of appeals or a judge thereof may order the release of the appellant pending disposition of the motion.

There is nothing in this rule that requires the trial court to set forth its reasons in any particular form and after carefully examining the reports there is nothing in the history of the rule or the Bail Reform Act that contemplated that the trial court would be required to explain, amplify or argue about the reasons for his actions. Matters of this kind necessarily involve elements of discretion peculiarly within the competence and experience of the trial judge. No one can say with certainty that another crime will be committed, that a man will flee or indeed that any appeal is frivolous, even when a man is caught red-handed with an unlicensed gun. Just as in matters of sentencing, the District Court has the complete responsibility in matters of this kind.

■ Under Rule 9, properly applied, only a clear abuse of discretion or mistake can justify reversal. The Court of Appeals is thus free to exercise its traditional appellate functions aided by the written statement of the trial court's reasons. The Court of Appeals is not authorized by Rule 9 or otherwise to substitute its judgment for that of the District Court. If the Court of Appeals concludes that the District Court has acted erroneously as a matter of law, it must take responsibility for returning the felon to the streets during the year or more his usually frivolous appeal is being processed.

■ One of the stated purposes of Rule 9 was to assure expeditious handling of these matters. This objective is thwarted when a simple non-release matter like this is, in effect, turned into a trial within a trial. District judges should not be required to file additional written statements under Rule 9 merely repeating matters obvious from even a casual glance at the file. These requests are frequently and routinely made at the trial level. It is impossible as a practical matter to write lengthy opinions in each instance. It is sufficient that the statement given under Rule 9 state the Court's basic reasons for exercising his discretion.

■ The Court of Appeals' order states "that the prior criminal record of the appellant furnished to this Court does not indicate that the appellant has been involved in acts of violence." Since all of the information before this Court was also before the Court of Appeals, it is apparent that there is a difference of viewpoint as to what constitutes an act of violence. Whatever is the proper definition of an act of violence makes no difference, however, because release

pending appeal may be denied in non-violent or violent situations. Carrying an unlicensed loaded 32-caliber revolver in an automobile in company with an armed criminal companion, however, is explicit evidence that an act of violence is imminent. The record also showed that Blyther committed a yoke robbery as a juvenile at the commencement of his known criminal career. The fact that Blyther was not caught firing the gun or in one instance was a juvenile does not change the realities of the situation. The file also shows that at the age of 26 Blyther was convicted of contributing to the delinquency of a minor female child. For this sexually violent offense his sentence was suspended and he was put on probation, after which he broke probation and returned to have further sexual relations with the same minor female child, age 14.

The Court of Appeals also requested amplification of the statement that Blyther had had three felony convictions. The record before the Appellate Court, however, showed that Blyther was convicted in October 1963 (Criminal No. 757–63) and again in 1968 (Criminal No. 1573–67) for unauthorized use of a motor vehicle. These felonies, plus the present felony, are the three felonies referred to by this Court in its written statement denying release. They are disclosed by a formal statement from the U. S. Attorney in the jacket of the case on appeal. In fact when Blyther was sentenced in the instant case and at the time he applied for release he was serving two other sentences for different offenses, as the file clearly shows.

■■ There is not a judge of this court that takes commitment of an individual to prison lightly or with disregard for the human factors involved. But as trial judges there is also a responsibility placed on the members of this court to protect the interests of the community. These interests are paramount whenever jail sentence is imposed on a convicted felon with a substantial anti-social criminal record whose appeal, as in this case, is frivolous. This Court

continues of the view that Blyther's depredations against this community can only be controlled by incarceration.