David A. Lambertus and Jeffrey B. Skora, Louisville, for appellant.

Steven L. Beshear, Atty. Gen., Frankfort, Robert V. Bullock, Asst. Atty. Gen., Frankfort, for appellee.

Before GUDGEL, McDONALD and VANCE, JJ.

GUDGEL, Judge.

This is an appeal from an order of the Jefferson Circuit Court which increased the amount of appellant's bond, previously set in the district court at $3,000.00, to $25,000.00 cash. The issue is whether the court erred by ordering the increase. We hold that the court did not err and affirm.

After appellant's arrest, she posted a bond set by the district court at $3,000.00 and was released from custody. Thereafter, she was indicted by a Grand Jury for the offenses of murder and first-degree robbery. The Commonwealth filed a motion with the circuit court to increase her bond. After an evidentiary hearing, the circuit judge sustained the Commonwealth's motion and entered an order setting a bond on the indictment at $25,000.00 cash. This appeal followed.

Appellant contends that there was no evidence at the hearing that she has failed to comply with all the conditions of her re-

**Joyce M. SYDNOR, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

April 24, 1981.

Discretionary Review Denied June 30, 1981.

lease, and no clear and convincing evidence of a need to modify her previous conditions of release. She also contends that there was no clear and convincing evidence of a material change in circumstances or of a substantial risk of nonappearance. Therefore, she argues, RCr 4.40 and RCr 4.42 prevented the circuit court from increasing her bond. We disagree.

In *Kuhnle v. Kassulke*, Ky., 489 S.W.2d 833 (1973), the defendant's bail was initially set by the Louisville police court. After he was indicted, the circuit court increased the amount of his bond substantially. On appeal, he argued that the increase in bail was improper because the circuit court failed to adhere to certain procedural requirements of the criminal rules. The court held that the summary fixing of a new amount of bail on the indictment did not violate the criminal rules, even though the court failed to comply with the procedural safeguards mandated by those rules. In doing so, the court said:

> The returning of the indictment marked the passing of a milestone in the criminal process from arrest to possible ultimate conviction and to that extent it represented a change in his status. This change alone, in the opinion of this court, is sufficient to authorize the circuit court, before which the indictment was returned, to take a fresh look at the question of bail and to exercise a new discretion as to the amount of bail. . . .

In an attempt to distinguish the *Kuhnle* case, appellant argues that the case is now out-dated in light of the present criminal rules, specifically RCr 4.40 and RCr 4.42. We disagree. While RCr 4.40 and RCr 4.42 are substantially more specific and restrictive than the former rules with respect to the findings courts must make before they may order the amount of bail previously set by them increased, the requirements of those rules are not specifically made applicable to cases where a prosecution is commenced in district court but jurisdiction of the case is later transferred to a circuit court by the return of an indictment. *Kuhnle v. Kassulke, supra,* holds that the

return of an indictment in circuit court, against a person already released on a bond fixed by a lower court is a change in that person's status sufficient to authorize the circuit court to take a fresh look at the question of bail and to summarily exercise a new discretion as to the amount of bail. We cannot say that RCr 4.40 and RCr 4.42 manifest an intention to depart from this holding.

The order appealed from is affirmed.

All concur.