**COMMONWEALTH of Kentucky, Movant,**

v.

**Chester PEACOCK, Respondent.**

Supreme Court of Kentucky.

Sept. 26, 1985.

Rehearing Denied Jan. 16, 1986.

David L. Armstrong, Atty. Gen., Christopher W. Johnson, Asst. Atty. Gen., Frankfort, for movant.

Jeffrey B. Skora, Louisville, for respondent.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which granted bail pending appeal pursuant to RCr 12.82.

Peacock was convicted by a jury of two counts of sodomy in the first degree. His application for bail pending appeal pursuant to RCr 12.78 was denied by the trial court without any explanation or reason. He then moved the Court of Appeals for bail pending appeal pursuant to RCr 12.82. The Court of Appeals first remanded the matter to the trial court and ordered a response within ten days providing the reasons for the denial of bail. No written response was made within the time pre-

scribed. The presiding judge of the Court of Appeals motion panel considering the case then contacted the trial judge by telephone. The trial judge stated that he believed there was no serious error in the trial and that he was not inclined to grant appeal bond because of the type of crime. The Court of Appeals judge also made direct communication with the state probation/parole officer. All of these contacts were *ex parte*. On June 18, 1984, the Court of Appeals judge issued an order allowing bail pending appeal and finding that the trial court had abused its discretion in denying Peacock's motion. A full three-judge panel of the Court of Appeals affirmed the decision. This Court granted discretionary review.

This Court vacates the order of the Court of Appeals and remands this case to the trial court for an adversary hearing to determine the propriety of bail on appeal. The Court of Appeals has abused its discretion in this case by granting bail pending appeal by using an *ex parte* procedure.

■ Bail pending appeal is a matter that rests in the discretion of the trial court. RCr 12.78(1). The decision of the trial court regarding bail should not be disturbed by an appellate court unless it is clearly demonstrated that the trial judge failed to exercise sound discretion. *See Abraham v. Commonwealth*, Ky.App., 565 S.W.2d 152 (1977), for a case involving bail before trial. The primary discretionary authority on the matter of bail pending appeal rests with the trial judge because he had heard and seen the evidence presented, viewed the witnesses and considered the legal and procedural aspects of the entire trial. The trial judge is best able to review the question of possible serious or reversible error on appeal. The appellate court does not normally have sufficient sections of the record properly before it to make a determination as to whether the trial judge has abused its discretion. *See Pettyjohn v. Commonwealth*, Ky., 421 S.W.2d 867 (1967).

■ It is a long standing general rule that an appellate court will review only matters found in the record. *Wolpert v. Louisville Gas & Electric*, Ky., 451 S.W.2d 848 (1970). Generally, in determining matters relating to bail, proof must be limited to that which is competent under the ordinary rules of evidence. *See Young v. Russell*, Ky., 332 S.W.2d 629 (1960).

■ Here the Court of Appeals did not limit its decision to material found in the record. It made direct, *ex parte* contact with the probation and parole officer and the trial judge and attempted to contact the prosecuting attorney. The Court of Appeals abused its discretion by basing its decision on improper and inadmissible *ex parte* communications.

■ There is no showing that the trial judge abused his discretion by denying bail pending appeal in this case. RCr 4.02(1) provides that all persons shall be eligible for bail before conviction. Peacock has been convicted. When a person has been convicted by a jury, the trial court is permitted to consider the fact of conviction in determining whether to set bail pending appeal. The presumption of innocence which is the basis of all legitimate guarantees of bail no longer applies to a convicted defendant. There is no absolute right to bail on appeal. *Braden v. Lady*, Ky., 276 S.W.2d 664 (1955).

■ When a request for bail pending appeal is denied, the proper practice for the trial court is to follow the standards listed in RCr 4.16 by giving written reasons for the denial of a request for bail pending appeal. In all cases involving bail pending appeal, the court shall conduct an appropriate adversary hearing to determine the propriety of such request.

Only clear abuse of discretion or mistake can justify reversal of an order of the trial court denying release and the Court of Appeals is free to exercise its traditional appellate functions aided by written statement of trial court's reasons but Court of Appeals is not authorized to substitute its judgment for that of the trial court. *Unit-*

*ed States v. Blyther*, 295 F.Supp. 1088 (D.D.C.1969).

The order of the Court of Appeals granting bail pending appeal is vacated. This matter is remanded to the circuit court for an appropriate adversarial evidentiary hearing to consider the propriety of bail pending appeal. If bail pending appeal is denied, written reasons must be given.

STEPHENS, C.J., and AKER, GANT, and STEPHENSON, JJ., concur.

LEIBSON, J., dissents by separate opinion.

VANCE, J., joins in his dissent.

LEIBSON, Justice, dissenting.

Respectfully, I dissent.

The problem in this case, if there is one, lies not with the procedure followed by the Court of Appeals in granting bail pending appeal, but with the rules of criminal procedure which, as written, authorize the Court of Appeals' action. RCr 12.82 is titled "Application for relief pending review." It provides for application "to the appropriate appellate court for bail pending appeal," and further provides that the appellate court may grant bail in any of the following situations:

> "... that application to the trial court is not practicable or that application has been made and denied, with the reasons given for the denial, or that the action on the application did not afford the relief to which the applicant considers himself to be entitled."

In this case the trial court denied the application for bail without giving reasons. In these circumstances, the Court of Appeals proceeded to carry out the mandate of RCr 12.82 in a reasonable manner. The circumstances of the trial court's refusal to grant bail pending appeal were such that the right to bail could not be reviewed on the record in the usual manner by which appellate courts conduct review.

Instead, the Court of Appeals proceeded in a manner consistent with any court when called upon to decide a question of bail. If there is need for change, that change should come through amending the rules. RCr 12.82 should be amended to withdraw from the appellate court the responsibility to consider "bail pending appeal," except on review of the record. Further, there must be mechanism for creating a record.

The Court of Appeals, charged with the responsibility to consider "bail pending appeal," neither abused its discretion nor proceeded unlawfully.

VANCE, J., joins this dissent.