**Mark BOLTON, Director Metro Corrections, Appellant**

v.

**Rickie IRVIN, Appellee.**

No. 2010–SC–000520–DG.

Supreme Court of Kentucky.

Aug. 23, 2012.

Jack Conway, Attorney General, Samuel Joseph Floyd, Jr., Office of the Commonwealth's Attorney, Special Assistant Attorney General, Louisville, KY, Counsel for Appellant.

Daniel T. Goyette, Louisville Metro Public Defender, James David Niehaus, Deputy Appellate Defender, Office of the Louisville Metro Public Defender, Louisville, KY, Counsel for Appellee.

Opinion of the Court by Justice SCHRODER.

This is an appeal from a petition for a writ of habeas corpus regarding the amount of bail as set in district court. The issue is whether a district court may increase the amount of a defendant's bail following a preliminary hearing, where the only change in circumstances is the district court's finding of probable cause. We conclude that the district court may increase

bail, because a reconsideration of bail following a finding of probable cause is authorized by RCr 3.14(1). We also conclude that this case is not moot, because the issue is one capable of repetition, yet evading review.

Rickie Irvin appeared before the Jefferson District Court charged with three counts of first-degree robbery, two counts of first-degree burglary, first-degree fleeing or evading police, resisting arrest, and third-degree criminal mischief. He entered a plea of not guilty to all charges, and the district court set his bail at $10,000.

At the preliminary hearing, the district court made a finding of probable cause and then increased Irvin's bail to $100,000. Irvin's counsel objected on the basis that a finding of probable cause was not a material change in circumstances that would warrant an increased bail bond pursuant to RCr 4.42(4). Irvin subsequently filed a petition for a writ of habeas corpus in Jefferson Circuit Court,[1] arguing that his bond was increased without the benefit of a formal hearing as required by RCr 4.40 and RCr 4.42. On April 28, 2010, the Jefferson Circuit Court granted the petition for a writ of habeas corpus, ordering that Irvin's bond be reduced to $10,000 unless the district court held a hearing as required by RCr 4.40 and RCr 4.42 or the case was transferred to circuit court.

Bolton filed an appeal of the April 28, 2010, Jefferson Circuit Court order with the Court of Appeals. In the meantime, the Jefferson County Grand Jury returned an indictment against Irvin on the charges that had been the subject of the preliminary hearing in district court. The grand jury also indicted Irvin on a charge of being a persistent felony offender in the second degree (PFO II). The circuit court

set Irvin's bond at $10,000 in an arraignment order dated May 28, 2010.

On June 1, 2010, Irvin filed a motion with the Court of Appeals to dismiss Bolton's appeal as moot, because the bail set by the district court was superseded by the circuit court arraignment order. By order entered on July 14, 2010, the Court of Appeals dismissed Bolton's appeal as moot. This Court then granted discretionary review.

■ Bolton argues that the Court of Appeals erred in dismissing his appeal as moot, because the issue presented is one capable of repetition, yet evading review. Furthermore, Bolton argues that the circuit court incorrectly interpreted RCr 4.42 as applicable in granting Irvin's petition for a writ of habeas corpus.

■ Before turning to the merits of this case, we must first address whether the Court of Appeals properly dismissed the case as moot. This Court has previously recognized that "jurisdiction is not necessarily defeated simply because the order attacked has expired, if the underlying dispute between the parties is one 'capable of repetition, yet evading review.'" *Lexington Herald–Leader Co., Inc. v. Meigs,* 660 S.W.2d 658, 661 (Ky.1983) (quoting *Nebraska Press Ass'n v. Stuart,* 427 U.S. 539, 546, 96 S.Ct. 2791, 49 L.Ed.2d 683 (1976)). That is to say, a technically moot case may nonetheless be adjudicated on its merits where the nature of the controversy is such that "the challenged action is too short in duration to be fully litigated prior to its cessation or expiration and ... there is a reasonable expectation that the same complaining party would be subject to the same action again." *Philpot v. Patton,* 837 S.W.2d 491, 493 (Ky.1992) (quoting *In re*

---

1. *See* RCr 4.43(2) ("The writ of habeas corpus remains the proper method for seeking circuit court review of the action of a district court respecting bail.").

*Commerce Oil Co.*, 847 F.2d 291, 293 (6th Cir.1988)).

The time between Irvin's arrest and his indictment (including his first appearance in district court and his preliminary hearing) was of short duration. The timeline in this case is typical of cases throughout the Commonwealth, and a district court order modifying a bail bond in a felony case will almost always be superseded before the issue can be fully litigated.

In addition, any increase in bail following a finding of probable cause by the district court can be challenged by means of a writ of habeas corpus. In fact, the record in this case indicates that another division of the Jefferson Circuit Court reached a different conclusion on this issue.[2] There is therefore a reasonable expectation that the same complaining party will be subject to the same action again. Under the doctrine that issues capable of repetition yet evading review may be properly decided, the fact that the district court order was superseded by the circuit court arraignment order does not render this case moot.

■ Turning to the merits of this case, the facts are uncontroverted and the issue is one of law. Therefore, instead of reinstating Bolton's appeal and remanding to the Court of Appeals, for the sake of judicial economy, we will decide the issue. The substantive issue in this case is whether a defendant's due process rights are violated when a district court increases the amount of bail following a preliminary hearing. In the case of bail, the applicable

due process rights are those established by the Kentucky Rules of Criminal Procedure.

RCr 3.02 requires that all persons arrested be taken for an initial appearance before a district court. At the initial appearance, the district judge, in addition to informing the accused of the charges and appointing counsel if necessary, is to "release the defendant on personal recognizance or admit the defendant to bail if the offense is bailable." RCr 3.05(1).

A defendant charged with an offense requiring an indictment (i.e., a felony) who has not yet been indicted is entitled to a preliminary hearing in district court. RCr 3.07. RCr 3.14(1) provides that if the court finds there is probable cause to believe that the defendant committed the offense, "the judge shall hold the defendant to answer in the circuit court and commit the defendant to jail, release the defendant on personal recognizance or admit the defendant to bail if the offense is bailable...."[3]

In this case, the district court set bail at $10,000 at Irvin's initial appearance. The district court then held a preliminary hearing and determined that probable cause existed to believe Irvin committed the charged felonies. After the probable cause finding, the Commonwealth requested an increase in the bail bond, to which defense counsel objected. The district judge then increased Irvin's bail to $100,000.

RCr 3.05(1) permits the district court to set bail at the time of the initial appear-

---

**2.** *See Norman Grasch v. Mark Bolton,* No. 10-CI–02355 (Jefferson Cir. Ct., Div. 12, Apr. 8, 2010).

**3.** "If the defendant waives the preliminary hearing or if from the evidence it appears to the judge that there is probable cause to believe that an offense required to be prosecuted by indictment pursuant to Section 12 of the

Kentucky Constitution has been committed and that the defendant committed it, the judge shall hold the defendant to answer in the circuit court and commit the defendant to jail, release the defendant on personal recognizance or admit the defendant to bail if the offense is bailable; otherwise the defendant shall be discharged." RCr 3.14(1).

ance. RCr 3.14(1) then allows the district court to again set bail upon a finding of probable cause. In *Sydnor v. Commonwealth*, the Court of Appeals reiterated that the returning of an indictment marks "the passing of a milestone in the criminal process" and "is sufficient to authorize the circuit court ... to take a fresh look at the question of bail and to exercise a new discretion as to the amount of bail." 617 S.W.2d 58, 59 (Ky.App.1981) (quoting *Kuhnle v. Kassulke*, 489 S.W.2d 833 (Ky. 1973)). Similarly, RCr 3.14(1) specifically contemplates that a finding of probable cause is a sufficient milestone to authorize the district court to take a fresh look at the question of bail. Under the Rules of Criminal Procedure, the district court is specifically authorized to reconsider the question of bail following a finding of probable cause.

In the case before us, following a finding of probable cause, the Commonwealth moved for an increase in the bond and the defendant objected. Both sides were given the opportunity to be heard and the court set the bond. The district court acted in compliance with the Rules of Criminal Procedure.

■ In granting the habeas petition and reducing Irvin's bond to $10,000, the circuit court opined that the district court violated RCr 4.40 and RCr 4.42 in setting the bond at $100,000. We disagree. RCr 4.40(1) permits either the defendant or the Commonwealth to apply for a change in the conditions of pretrial release (including an increase or decrease in the amount of bail) at any time before trial and to request an adversary hearing on the motion. If the defendant has appeared when required at previous proceedings in the case, the Commonwealth must demonstrate by "clear and convincing evidence the need to modify existing conditions of release." RCr 4.40(3). As previously stated, RCr

3.14(1) specifically permits a district court to reconsider bail following a finding of probable cause. Therefore, there was no need for the court to utilize the more general procedures established by RCr 4.40.

■ RCr 4.42, which concerns enforcement and modification of conditions for a defendant who has already been released pending trial, also does not apply in this case. By its plain language, the rule applies "at any time following the release of the defendant and before the defendant is required to appear for trial...." The rule provides additional protections for the liberty interests of a defendant who has already been granted pretrial release. It is therefore inapplicable to a defendant like Irvin who remained incarcerated pending trial.

RCr 3.14(1) permits a district court to reconsider bail at the preliminary hearing following a finding of probable cause. Therefore, the district court acted within its discretion under the Rules of Criminal Procedure when it increased the amount of Irvin's bail following a finding of probable cause. Irvin's due process rights were not violated, and he was not entitled to a writ of habeas corpus.

The order of the Court of Appeals dismissing this case as moot is hereby reversed, and the judgment of the Jefferson Circuit Court is reversed.

MINTON, C.J.; ABRAMSON, CUNNINGHAM, and VENTERS, JJ., concur. SCOTT, J., concurs in part and dissents in part by separate opinion in which NOBLE, J., joins.

SCOTT, J., concurring in part and dissenting in part:

I agree with the majority that this issue is capable of repetition, yet evading review. For that reason, I, too, would reach

the merits of the case and reverse the judgment of the Court of Appeals. I disagree, however, with the majority's opinion that RCr 3.14(1) permits a district court to increase a defendant's bail based solely upon a subsequent finding of probable cause. In fact, I do not believe that RCr 3.14(1) was *ever* intended to authorize a district court to increase a defendant's bail once it has been set absent a change in circumstances, or information indicating a mistake was made in setting the original bail. RCr 4.40 [4] and RCr 4.42 [5,6] are the formal vehicles by which a defendant's bail may be increased, although I acknowledge that they cannot be used to deprive a trial court of its continued jurisdiction and discretion over a defendant's bail.

Here, however, the bail was increased tenfold without any evidence indicating that the defendant, for example, posed a greater risk of flight or failure to abide by the non-financial conditions of his bail than he did at the time of his original bail assessment. In fact, the defendant had yet to make the original bail. And, the fact that the Commonwealth presented some evidence that the defendant committed the crime charged adds nothing to the original picture of the defendant created by the charge itself. I say this because a court looks at the arrest charge along with the pretrial officer's assessments and recommendations, if available, prior to setting the initial bail. In a sense, for bail purposes, it assumes the charge(s) may be true. Thus, what, if anything, does a finding that the Commonwealth has evidence which may support a finding of guilt on the offense charged add to the equation? In my opinion, it adds nothing because this assumption had already been factored into the original bail. Thus, such an increase, absent other additional evidence supporting a need to exercise further discretion, simply adds an intolerable element of arbitrariness to the setting of bail that is essentially unreviewable.

KRS 24A.110(3) authorizes a district court to set bail at a criminal defendant's initial appearance. However, bail cannot be set at an arbitrary amount as KRS 431.525(1) provides the criteria upon which the district court must fix the bail amount. It states that "the bail shall be":

(a) Sufficient to insure compliance with the conditions of release set by the court;

(b) Not oppressive;

---

**4.** RCr 4.40(1) provides:

The defendant or the Commonwealth may by written motion apply for a change of conditions of release at any time before the defendant's trial. The motion shall state the grounds on which the change is sought. The moving party may request an adversary hearing on the motion, and is entitled to such hearing the first time the moving party requests it. Requests for adversary hearings made in subsequent motions for review of conditions of release shall lie within the discretion of the court.

**5.** RCr 4.42(1) provides:

If at any time following the release of the defendant and before the defendant is required to appear for trial the court is advised of a material change in the defendant's circumstances or that the defendant

has not complied with all conditions imposed upon his or her release, the court having jurisdiction may order the defendant's arrest and require the defendant or the defendant's surety or sureties to appear and show cause why the bail bond should not be forfeited or the conditions of release be changed, or both.

**6.** Although RCr 4.42 does not apply to this case because Appellant had not been released, it should be clear that in all cases where the Commonwealth moves a district court to increase the amount of bail, it is incumbent on the Commonwealth to prove why such an increase is necessary, given that the bail amount has already been fixed. A criminal defendant should not have to prove why a further deprivation of his liberty is unwarranted.

(c) Commensurate with the nature of the offense charged;

(d) Considerate of the past criminal acts and the reasonably anticipated conduct of the defendant if released; and

(e) Considerate of the financial ability of the defendant.

KRS 431.525(1). These criteria have been incorporated into our criminal rules at RCr 4.16(1). Given that the district court is required to exercise its bail-setting discretion in light of these criteria, and that the facts underlying these criteria were unaffected by the court's probable cause finding, I do not believe a bail increase was proper.

I therefore must respectfully dissent from that part of the majority's opinion that concludes that a finding of probable cause *after* bail has already been set is sufficient to *increase* bail absent other facts justifying such an increase.

NOBLE, J., joins.