RENDERED: JUNE 14, 2018
TO BE PUBLISHED

# Supreme Court of Kentucky

FINAL

2017-SC-000232-DG

DATE 9/27/18 Kim Redmon, DC

COREY M. JETER                                    APPELLANT

ON REVIEW FROM COURT OF APPEALS
V.                  CASE NO. 2017-CA-000223-MR
JEFFERSON CIRCUIT COURT NO. 16-CR-003332

COMMONWEALTH OF KENTUCKY                 APPELLEE

## OPINION OF THE COURT BY JUSTICE CUNNINGHAM

### AFFIRMING

On September 21, 2016, Appellant, Corey M. Jeter, was arraigned by the Jefferson District Court on a charge of one count of second-degree burglary. The court set Jeter's bond at $10,000 full cash and granted him $100 a day bail credit pursuant to KRS 431.066(5)(a). On December 20, 2016, the Jefferson County grand jury returned an indictment charging Jeter with second-degree burglary and theft by unlawful taking of property valued over $500 but less than $10,000.

Following his indictment, on December 28, 2016, Jeter appeared for his initial hearing before the Jefferson Circuit Court, which "fixed" a bond "in the interim" at $10,000. Formal arraignment and pre-trial conference were scheduled for February 8, 2017.

On January 13, 2017, Jeter filed a RCr 4.40(1) motion for bond reduction, for release on bail credit for his jail time pursuant to KRS 431.066(5)(a), and, in the alternative, to release him to the Home Incarceration Program. Jeter argued that he had spent 99 days in custody accruing bail credit prior to arraignment in the Jefferson Circuit Court and was entitled to release on bail credit after 100 days pursuant to the district court's order.

On January 17, the circuit court held a hearing to consider Jeter's motion. After consideration of the record, the circuit court denied Jeter's request to decrease his bond, and instead increased it from $10,000 to $20,000 full cash. Furthermore, the circuit court found that Jeter was ineligible for bail credit under KRS 431.066(5)(a) because: (1) Jeter was a flight risk due to his history of not appearing in court and (2) he was a persistent felony offender ("PFO"). *See* KRS 431.066(5)(b). The circuit court referred to these oral findings in its order denying Jeter's motion. They were not reduced to writing.

Jeter appealed to the Kentucky Court of Appeals pursuant to RCr 4.43(1). A divided Court of Appeals upheld the trial court. In so holding, the Court of Appeals stated that the circuit court had properly increased Jeter's bond at the January 17 hearing. Citing *Sydnor v. Commonwealth*, 617 S.W.2d 58, 59 (Ky. App. 1981), the Court of Appeals stated that the December 20 indictment was a change in Jeter's status "sufficient to authorize the circuit court . . . to summarily exercise a new discretion as to the amount of bail."

2

Jeter appealed for discretionary review pursuant to RCr 4.43(1)(h), which this Court granted.[1]

## Analysis

We review a circuit court's decision whether to modify a bail bond for an abuse of discretion. *Commonwealth v. Peacock*, 701 S.W.2d 397, 398 (Ky. 1985); *Long v. Hamilton*, 467 S.W.2d 139, 141 (Ky. 1971) ("Appellate courts will not attempt to substitute their judgment for that of the trial court and will not interfere in the fixing of bail unless the trial court has clearly abused its discretionary power.") (internal citations omitted). That is, we must analyze "whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Mitchell v. Commonwealth*, 423 S.W.3d 152, 156 (Ky. 2014) (internal citations omitted).

Upon indictment, jurisdiction over Jeter's bail passed from the district to the circuit court. RCr 4.54(1). Additionally, upon indictment and the issuance of a bench warrant, the circuit judge *shall* fix bail. RCr 6.54(1). Therefore, at the December 28 appearance, it was solely up to the circuit judge to set a new bond on the charges returned in Jeter's indictment. Here, even though the circuit judge used the peculiar term "interim bond," he fixed a new bond at $10,000. Although this circuit court bond had the same monetary value as the

---

[1] On October 25, 2017, Jeter plead guilty to both charges in exchange for the Commonwealth dropping a first-degree persistent felony offender charge in a separate case. Two days later, the Jefferson Circuit Court sentenced him to a concurrent five-year sentence. However, although this case is arguably moot, this Court may exercise its jurisdiction as this is a situation "capable of repetition, yet evading review." *Lexington Herald–Leader Co., Inc. v. Meigs*, 660 S.W.2d 658, 661 (Ky. 1983) (quoting *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 546 (1976)).

3

bond set by the district court, it was not the same bond. Furthermore, with the expiration of the district court's bond, the district court's bail credit order became moot. Because the district court bond was moot, all requirements which attended it were moot and unenforceable. Nevertheless, the circuit court considered the issue anew pursuant to Jeter's motion, but found that Jeter was not entitled to bail credit under KRS 431.066(5)(a).

After the circuit court set Jeter's circuit court bond on December 28, 2016, the issue as to whether the grand jury's indictment was a "material change in circumstances" sufficient under *Sydnor* or RCr 4.42 was moot. *Sydnor* and RCr 4.42 only apply when a defendant has been released on bail. They embody a historic concept of fairness meant to protect an individual's liberty interest from arbitrary bond revocation and reimprisonment. As opposed to the defendant in *Sydnor*, Jeter was never released on bail. Therefore, the "material change in circumstances" test for bail modification never came into play. *Bolton v. Irvin*, 373 S.W.3d 432, 436 (Ky. 2012) ("The rule [RCr 4.42] provides additional protections for the liberty interests of a defendant who has already been granted pretrial release. It is therefore inapplicable to a defendant like [Jeter] who remained incarcerated pending trial."). The circuit judge used the indictment as a justifiable reason for modifying the bond under RCr 6.54(1). Thus, *Sydnor* and RCr 4.42—the primary focus of both parties' arguments—are not operative in this case.

Bond modification is brought before a trial court through statutory and rule-based authorities. Some grant a trial court power to modify a bond *sua*

4

*sponte,* such as RCr 3.14(1), which permits a district court to modify an initial bail amount after a finding of probable cause. Others empower the court to consider modifying bond upon either party's motion. *See, e.g., Bolton v. Irvin,* 373 S.W.3d 432, 436 (Ky. 2012) (citing RCr 4.40(1)).

*Bolton* illustrates that Kentucky's statutes and criminal rules provide the minimal due process requirements for bail modification. *Id.* at 435-36. *Bolton* stands for the maxim that judges may only modify bail as authorized by statute or procedural rule. Thus, we will assess an alleged abuse of discretion in bail modification for a trial court's deviation from those authorities.

Here, Jeter filed a motion titled "DEFENDANT'S MOTION TO REDUCE HIS BOND" pursuant to RCr 4.40(1), which also contained motions: for bail credit under KRS 431.066(5)(a); for release on his own recognizance; for release to maintain employment while awaiting trial; and, alternatively, for HIP release. In response, the Commonwealth argued that the bond should remain unchanged, and that bail credit should not be granted to Jeter because of his prior felony record and risk of flight. The circuit judge appropriately granted Jeter's request for an adversarial hearing on the motion to modify bond under RCr 4.40(1). Also, even though the bail credit issue was rendered moot by the circuit court's initial bond, the court and attorneys proceeded as if it was still a viable concern.

In so doing, the circuit court considered Jeter's prior record on his bond reduction request under RCr 4.40 as well as his request for bail credit release under KRS 431.066(5). This included his history of prior failures to make

appearances and whether he posed a danger to the community. KRS 431.525(1) (requisite criteria for trial courts to consider in setting bail); RCr 4.40 (defendant is entitled to a hearing the first time he moves for review of conditions of release); RCr 4.16(1) (when determining bail, the trial court shall consider "the defendant's past criminal acts, if any, [and] the defendant's reasonably anticipated conduct if released . . . ."); KRS 431.066(2) (the court shall consider whether the defendant constitutes a flight risk, is unlikely to appear, or poses a danger to the public if released prior to trial).

After considering Jeter's motion and reviewing the arguments of the parties, the circuit judge decided to increase Jeter's bond. The circuit judge also denied bail credit because he found Jeter to be a flight risk and a danger to others. *See* KRS 431.066(5)(b). In its January 20 order, the court noted that, "for the reasons stated on the record [at the January 17 hearing] and incorporated herein by reference, the Defendant's bond is fixed at $20,000 full cash. The Defendant's motion for bail credit is respectfully DENIED."

During the January 17 hearing, the circuit judge stated that he was familiar with Jeter's criminal history and his history of not showing up for court. Specifically, the circuit judge said:

> I've gotta make sure you're gonna come back to court, and your history says that you might or you might not. I've gotta make sure you're gonna not get into any more trouble, and your history says that you will get into more trouble because you have been in trouble for so long for so many things . . . I'm going to set the bond at $20,000 full cash and deny bail credit, because you are a flight risk and because you are a danger to the community.

Bond Modification Hr'g 8:47:09 – 8:47:48, Jan. 17, 2017.

6

Applying the abuse of discretion test, we conclude that the trial judge did not abuse his discretion in modifying Jeter's bond to $20,000 full cash and denying him bail credit. The court's order was based upon the evidence of Jeter's PFO status, history of non-appearance, and the danger he posed to others if released. Such a finding was not arbitrary; the court came to its decision after a full and fair hearing with all parties present, represented by counsel, and given the opportunity to present evidence.

Additionally, RCr 4.40(2) requires that, whenever a trial court denies a defendant's motion for bond modification or other change of conditions of release, "the judge shall record in writing the reasons for so doing." RCr 4.40(2). Here, the circuit judge made oral findings of record on January 17 that Jeter was a flight risk and a danger to others in the community. Bond Modification Hr'g 8:47:39 – 8:47:48, Jan. 17, 2017. However, in the judge's written order of January 20, he "incorporated [t]herein by reference" his oral findings from the January 17 hearing. Therefore, we find that the circuit court substantially complied with RCr 4.40(2).

## Conclusion

For the reasons stated herein, we hereby affirm the decision of the Court of Appeals.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Cicely Jaracz Lambert
Chief Appellate Defender

Adam Braunbeck
Louisville Metro Public Defender

Daniel T. Goyette
Louisville Metro Public Defender


COUNSEL FOR APPELLEE:

Andy Beshear
Attorney General of Kentucky

Dorislee J. Gilbert
Special Assistant Attorney General