RENDERED:  DECEMBER 17, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0263-MR

PHILLIP OHMER                                                                    APPELLANT

v.          APPEAL FROM PENDLETON CIRCUIT COURT
            HONORABLE HEATHER FRYMAN, JUDGE
            ACTION NO. 19-J-00002

COMMONWEALTH OF KENTUCKY                                               APPELLEE

OPINION
VACATING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; ACREE AND LAMBERT, JUDGES.

ACREE, JUDGE:  Phillip Ohmer appeals the Pendleton Circuit Court's February

12, 2020 order applying his bail bond to his child support arrearage.  He argues the

bond was improperly forfeited.  We agree and vacate the circuit court's order with

instructions to refund bond amount to the surety.

We begin by noting two circumstances that affect this appellate review. The most significant is that the Commonwealth did not file a timely appellee brief. Kentucky Rules of Civil Procedure (CR) 76.12(8)(c) provides:

> If the appellee's brief has not been filed within the time allowed, the court may: (i) accept the appellant's statement of the facts and issues as correct; (ii) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (iii) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case.

The Court exercises its discretion pursuant to CR 76.12(8)(c)(ii) and vacates the circuit court's order because Ohmer's brief reasonably appears to sustain such action.

However, the Court also notes that the certified record is not in chronological order. That is more reason to rely on Ohmer's brief to explain what occurred in the circuit courts.

The action began in Campbell County and the circuit court exercised its jurisdiction of this case in 2006. However, the Campbell County prosecutor moved for a change of venue when she learned both parties had moved: "The Plaintiff resides in Pendleton County, Ky., and the Defendant [Ohmer] resides in Knox County, Ky." (Record (R.) 14.) The order transferring venue was entered on January 21, 2016. (*Id*.) The order was prepared by the attorney for the

-2-

Campbell County Child Support Office and at the bottom says: "cc: Plaintiff; Defendant; Counsel for Defendant." (*Id.*)

There is no notation from the clerk, either on the order itself or elsewhere in the record, that a copy of the order was sent to anyone after entry as required by CR 77.04. From a docket entry dated January 5, 2016, it appears Ohmer was not represented by counsel. (R. 15.) Furthermore, the record indicates Ohmer's last known address was "19 Piper Drive, Corbin, Ky 40701." (R. 23.) Corbin is a city in Knox County.

On March 22, 2019, the Commonwealth filed a motion in Pendleton Circuit Court to review Ohmer's child support obligation, establish arrearages, and create a wage garnishment. (R. 99.) The motion was set for a hearing on April 1, 2019 and the Commonwealth mailed the motion to Ohmer at "6428 KY 229, Barbourville, KY." (*Id.*) Nothing in the record indicates Ohmer lived there then or at any time. As noted, the last known address for Ohmer was in Corbin, Kentucky.

Ohmer did not appear at the hearing. The circuit court did not appoint a warning order attorney or otherwise attempt to determine Ohmer's correct address. Rather, the circuit court entered an order finding Ohmer was $24,541.94 in arrears, set his arrearage payment at $60 a month, and ordered withholding from his wages. (R. 102.) This order was also sent to the Barbourville address. (*Id.*)

Less than a month later, the circuit court issued a show cause order and set a hearing date for Ohmer to bring proof of back pay from the Social Security Administration on May 6, 2019. (R. 104.) This order was returned unserved by the Knox County Sheriff. (*Id*.)

Ohmer did not appear. This resulted in the circuit court's issuing a bench warrant without objection from the Commonwealth. (R. 105.) The Commonwealth suggested setting a $2,500 bond because the arrearage was close to $25,000. (*Id*.) The circuit court agreed and used the applicable form for a bench warrant summoning Ohmer "[t]o [a]nswer the [f]ollowing: *BW $2,500; CONTEMPT OF COURT; NON-PAYMENT OF CHILD SUPPORT; NO BAIL/JAIL CREDIT; SUBJECT TO ARREARS*[.]" (*Id*.) Again, no warning order attorney was appointed to locate Ohmer.

After several months, Ohmer was arrested at 308 Bluegrass Road in East Bernstadt, Kentucky. (R. 109.) The citation made no mention that any bail bond relative to the arrest would contain a "subject to arrears" condition. (*Id*.)

Rebecca Ohmer, Ohmer's daughter-in-law, posted the $2,500 bond and served as surety. (R. 112.) According to the Pretrial Bail Bond, Form AOC-365.1, on December 4, 2019, Ohmer resided at 5248 KY Hwy 229, Barbourville, Kentucky. (R. 112.) The conditions of Ohmer's release to which Rebecca and Ohmer agreed were as follows: (1) no further violations of law; (2) no

-4-

consumption of alcohol or illegal use of controlled substances; and (3) make all scheduled court dates.[1] (*Id.*) Rebecca was given a Bond Information Sheet, (R. 114), informing her of the relevant consequences of Ohmer's violation of the Pretrial Bail Bond conditions:

1. When you post a bond, you are guaranteeing that the defendant will appear in court for each and every court appearance AND that the defendant will comply with all of the Court's other obligations. This means you will not get your bond money back, if the defendant[:]

   a. Fails to appear for any court appearance;

   b. Fails to pay all fines, court costs, fees, restitution, etc. by the date ordered;

   c. Fails to complete the diversion agreement, if ordered by the Judge; or

   d. Fails to complete all hours of community service, alcohol/drug education/counseling, etc. if ordered by the Judge.

2. When the money you deposit is the full amount of the bond, you will get back the full amount of the bond.

   . . . .

4. The surety's bond money will never be used to pay the defendant's fines, etc. unless surety provides the Court with a notarized statement granting explicit permission for the bond to be used to pay the defendant's fines, etc.

---

[1] The conditions can be checked off in a box next to the condition. There is also a spot to handwrite in conditions. The last condition, make all scheduled court dates, was handwritten.

(*Id.*)

There was no reference at all to the possibility that, even if Ohmer complied with the Pretrial Bail Bond conditions, Rebecca's $2,500 posting of bail as Ohmer's surety would be forfeited.

On December 16, 2019, Ohmer appeared for the scheduled court hearing. (R. 117.) At that hearing, the circuit court asked Ohmer if he was aware the bond money was going to be applied to his child support obligation. Ohmer said he was not aware and if he had known that, he would have stayed in jail. He explained his circumstances to the court. When the paternity action commenced in Campbell Circuit Court, he was in the process of serving a 12-year prison term. For some period of time, he had custody of the child. At the time of this hearing, his income was $741 a month. He applied for Social Security benefits and was seeking a lump sum settlement for back benefits.

The Court appointed a public defender, and Ohmer gave the circuit court his permanent address as 287 Bluegrass Drive in East Bernstadt. (*Id.*) The circuit court reserved the question of whether the bond would be forfeited.

On January 6, 2020, the parties again appeared before the court. (R. 118.) The Commonwealth did not have the paperwork, *i.e.*, the evidence to support the amount of Ohmer's existing arrearage but urged the court to apply the

bond to the arrearage. Ohmer continued his objection. The circuit court ordered Rebecca to appear and continued the case. (R. 120.)

At the next hearing, the Commonwealth still did not have the necessary evidence to establish the existing arrearage but did produce a payment sheet indicating Ohmer made $1,235 in payments toward the arrearage. The custodial parent agreed the sum was accurate. Once the court reached the issue of the bond forfeiture, Rebecca produced the Bond Information Sheet discussed above. She explained that she "posted money that belongs to grandkids and was told that the bond would be returned." (R. 123.)

The circuit court perused the Pretrial Bail Bond, the Bond Information Sheet, and other documents in the record. The circuit judge stated the Pretrial Bail Bond was inaccurate because it did not mention the "subject to arrearage" condition. He expressed concern that returning the $2,500 to Rebecca or the "grandkids" would set a precedent that when documents signed by the surety fail to inform the person posting bond that it was subject to arrearage, the bond could be returned. It concluded such a precedent would undermine the whole purpose of having a child support docket. Ultimately, the circuit court denied the return of the bond. However, the court held that "payment of bond is stayed pending appeal."

This appeal followed.

This Court reviews rulings regarding bonds solely for abuse of discretion. *Commonwealth v. Peacock*, 701 S.W.2d 397, 398 (Ky. 1985).

Ohmer makes two arguments: (1) the bond was improperly forfeited; and (2) the circuit court's finding of contempt for failure to appear prior to Rebecca's posting of bail was error because he was not given a proper hearing. We address his second argument first.

When Ohmer filed his notice of appeal in February 2020, the circuit court had not yet conducted a hearing on the contempt charge. The hearing was set for March 2, 2020. That issue, therefore, is not properly reviewable by this Court.

His first argument, however, has merit. We begin by quoting the applicable rule, Kentucky Rules of Criminal Procedure (RCr) 4.42. It reads:

> (1) If at any time following the release of the defendant and before the defendant is required to appear for trial the court is advised of a material change in the defendant's circumstances or that the defendant has not complied with all conditions imposed upon his or her release, the court having jurisdiction may order the defendant's arrest and require the defendant or the defendant's surety or sureties to appear and show cause why the bail bond should not be forfeited or the conditions of release be changed, or both.
>
> (2) A copy of said order shall be served on the defendant and the defendant's surety or sureties. The court shall order the arrest of the defendant only when it has good cause to believe the defendant will not appear voluntarily upon notice to appear.

(3) Where the court is acting on advice that the defendant has not complied with all conditions imposed upon his or her release, the court shall not change the conditions of release or order forfeiture of the bail bond unless it finds by clear and convincing evidence that the defendant has [willfully] violated one of the conditions of his or her release or that there is a substantial risk of nonappearance.

(4) Where the court is acting on advice of a material change in the defendant's circumstances, it shall not change the conditions of release or order forfeiture of the bail bonds unless it finds by clear and convincing evidence that a material change in circumstances exists and that there is a substantial risk of nonappearance.

(5) Before the court may make the findings required for change of conditions or forfeiture of bail under this rule, the defendant and the defendant's surety or sureties shall be granted an adversary hearing comporting with the requirements of due process. Whenever the court changes conditions of release (except upon motion of the defendant) or orders forfeiture of bail, it must furnish the defendant and the defendant's surety or sureties with written reasons for so doing.

Under RCr 4.42, both the defendant and the defendant's surety are entitled to notice of all the conditions under which a bond can be lawfully forfeited. Before a forfeiture can occur, RCr 4.42 also mandates that the court find by clear and convincing evidence that the defendant violated a condition of his release or that a material change in circumstances exists and that there is a substantial risk of nonappearance. The court must conduct a hearing comporting

with due process and render written findings outlining the reasons for forfeiture per RCr 4.42. *Commonwealth ex rel. Putnam v. Polston*, 607 S.W.3d 722, 726 (Ky. App. 2020).

Furthermore, bail bonds are written contracts among a defendant, the Commonwealth, and a surety. RCr 4.00(a); *Miller v. Commonwealth*, 192 Ky. 709, 234 S.W. 307 (1921); *see also Passmore v. Commonwealth*, 580 S.W.3d 558, 564-65 (Ky. App. 2019).

Ohmer's conditions are specifically stated in his bond paperwork. He was present at every hearing after the bond was posted, no evidence was solicited that he was in violation of any of the listed conditions, and no condition was stated that his bond would be subjected to arrears. There is no clear or convincing evidence he violated any condition of his release under the bond.

"The purpose of a bail bond is to insure that the accused will reappear at a given time by requiring another to assume personal responsibility for him, on penalty of forfeiture of property." *Cohen v. United States*, 82 S. Ct. 526, 528, 7 L. Ed. 2d 518 (1962). Forfeiture of a bond for reasons never made known to the surety "would become 'excessive' in the sense of the Eighth Amendment because it would be used to serve a purpose for which bail was not intended." *Id*. Ohmer did everything required by his bond paperwork. Neither he nor Rebecca had any knowledge the bond would eventually be applied to his child support arrearage.

Ohmer, according to this record, never failed to appear for a court date when he was served with notice at a correct address. Had Ohmer been notified of the earlier court dates he missed, there might never have been a need for a bond if he had attended. When the clerk and the court failed to assure proper notice, Ohmer's failure to appear was all but guaranteed.

Ohmer's brief reasonably appears to sustain his argument that the circuit court imposed a bond condition not reflected in the Pretrial Bail Bond or Bond Information Sheet. The bond was to assure Ohmer's appearance before the circuit court. Ohmer did appear and there is no evidence he failed to satisfy any condition expressly set out in or necessarily implied from the terms of the Pretrial Bail Bond.

Therefore, this Court vacates the February 12, 2020 Order for Application of Bond to Child Support Arrearage with instructions that the circuit court return the bond amount to the surety.

ALL CONCUR.

BRIEF FOR APPELLANT:                    NO BRIEF FOR APPELLEE.

Travis Bewley
Jennifer Wade
Laura Anne Fitzer
Frankfort, Kentucky

-11-