RENDERED: FEBRUARY 17, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0310-MR

JEWELL HALL                                                          APPELLANT

v.        APPEAL FROM MCCRACKEN CIRCUIT COURT
          HONORABLE TIMOTHY KALTENBACH, JUDGE
                  ACTION NO. 19-CR-00563

COMMONWEALTH OF KENTUCKY                                             APPELLEE

OPINION
AFFIRMING IN PART, VACATING IN PART,
AND REMANDING

** ** ** ** **

BEFORE: JONES, KAREM, AND LAMBERT, JUDGES.

KAREM, JUDGE: Jewell Hall appeals *pro se* from the McCracken Circuit Court's

order denying his motion to recuse, his motion to vacate conviction pursuant to

Kentucky Rules of Criminal Procedure (RCr) 11.42, and his motion pursuant to

Kentucky Rules of Civil Procedure (CR) 60.02. Upon careful review, we affirm

the denial of the motion to recuse, and the denial of the motion made pursuant to

CR 60.02. The portion of the order denying the RCr 11.42 motion is vacated, and

the matter is remanded to the trial court for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The underlying facts of the case were set forth by this Court in Hall's

direct appeal:

> On May 10, 2019, Paducah Police Department Officer Justin Canup ("Canup") was on patrol. At approximately 6:00 a.m., Canup was dispatched to respond to a report of a black SUV being stationary in the middle of a street with the lights on and the engine running. According to a citizen report, the SUV was impeding traffic flow and had been idling there for at least two hours.
>
> When Canup arrived on the scene, he parked behind a work van which had parked behind the black SUV, ostensibly because the van could not proceed down the street due to the SUV blocking the road. Canup, without activating his emergency lights, parked his cruiser behind the van and got out. He walked around the rear of the work van and as he did so, the brake lights on the SUV engaged and the SUV pulled away. The SUV had tinted windows, so Canup had been unable to determine if anyone was inside prior to it pulling away.
>
> Canup got back in his cruiser and followed the SUV. The SUV pulled into the parking lot of a nearby apartment complex and Canup pulled up behind the SUV with his lights now engaged. The Appellant, Jewell Hall ("Hall"), alit from the driver's side of the vehicle with his hands above his head. He followed Canup's instructions to walk backwards towards Canup, with his arms raised. Hall complied when he was instructed to lift his t-shirt from his waist so Canup could ensure he had no weapon tucked in his waistband. When backup arrived, Hall was

-2-

handcuffed and officers approached the SUV to ensure no one else was inside. They then determined that Hall had been alone in the vehicle.

Canup spoke with Hall. Hall admitted that he had been drinking the evening before and fell asleep, leaving the vehicle running in the street while waiting for a friend. Canup then conducted field sobriety tests and determined Hall was impaired. Hall was handcuffed and placed under arrest. The officers then searched the SUV and a handgun was found by police in the center console. Hall was charged with operating a motor vehicle while under the influence of alcohol or drugs [DUI], first offense, and possession of a handgun by a convicted felon.

*Hall v. Commonwealth*, No. 2020-CA-1615-MR, 2022 WL 982043, at *1 (Ky. App. Apr. 1, 2022).

Hall moved to suppress the evidence recovered as a result of the police stop. Following a hearing, the motion was denied, and he was subsequently convicted by a jury of the charge of possession of a handgun by a convicted felon. The DUI charge was dismissed. On direct appeal, his sole argument was that the trial court erred in denying his motion to suppress.

The trial judge presiding over Hall's case formerly served as the Commonwealth Attorney in McCracken County and, in 2001, he successfully prosecuted Hall for attempted murder and possession of a handgun by a minor, for which Hall received a sentence of seventeen and one-half years. He also prosecuted Hall under a separate indictment for second-degree assault and

possession of a handgun by a minor for which he received a five-year sentence. The sentences were ordered to be run consecutively. Hall was released on parole in 2016.

On March 11, 2021, Hall moved for bond pending the outcome of his appeal. At the bond hearing, the trial judge indicated his familiarity with Hall's prior record, stating:

> I am familiar that he was convicted of attempted murder
> . . . a possession of a handgun charge after a conviction
> for attempted murder involving shooting somebody . . .
> so that's in his CourtNet. In addition, I am familiar with
> Mr. Hall from that as well.

The Commonwealth Attorney informed the trial court that Hall had also incurred a new felony charge while he was out on bond in the present case.

The trial court denied bond and entered findings of fact and conclusions of law supporting its decision in which it cited Hall's prior convictions for second-degree assault, attempted murder and two counts of possession of a handgun by a minor, his conviction of the present charge of possession of a handgun by a convicted felon that he committed within three years of the expiration of his parole for the earlier violent offenses, and further noted that he was indicted for a new felony offense of theft by deception under $10,000 while out on bond. The trial court concluded that Hall would be a risk to the public if

-4-

released on bond, based upon his prior convictions for violent offenses, his recent conviction in the present case, and his new felony charge.

Hall then filed the three *pro se* motions which are at issue in this appeal: (1) a motion to recuse the trial judge; (2) a motion to vacate conviction pursuant to RCr 11.42 based on ineffective assistance of counsel; and (3) a motion pursuant to CR 60.02, also seeking disqualification of the trial judge. The trial court entered an order denying all the motions without a hearing. This appeal followed. Further facts will be set forth below as necessary.

## II. ANALYSIS

### i. The motion to recuse was properly denied.

Hall argues that the trial judge should have disqualified himself from the bond hearing because he was improperly influenced by his familiarity with Hall's record and by his previous service as the Commonwealth Attorney who prosecuted Hall on multiple charges in 2001 resulting in the imposition of lengthy sentences.

Hall relies on the following section of Kentucky Revised Statutes (KRS) 26A.015, which provides in pertinent part that a "judge of the Court of Justice . . . shall disqualify himself in any proceeding . . . [w]here he has knowledge of any other circumstances in which his impartiality might reasonably be questioned." KRS 26A.015(2)(e). He also cites the Rules of the Supreme Court

of Kentucky (SCR) 2.11, which similarly states that a judge is disqualified whenever his impartiality might reasonably be questioned.

On appeal, the denial of a motion to recuse is reviewed *de novo*, "[b]ecause an objective standard is appropriate for measuring whether a judge's impartiality might reasonably be questioned from the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances[.]" *Abbott, Inc. v. Guirguis*, 626 S.W.3d 475, 484 (Ky. 2021), *reh'g denied* (Jun. 17, 2021).

Hall contends that the judge's comments at the bond hearing that he was "familiar" with Hall were inappropriately personal and, in any event, were based on his knowledge of Hall as he was over twenty years before. Hall argues that the judge's comments favored the Commonwealth as evidenced by the prosecutor's remarks to the trial court at the end of the hearing: "The State just asks that you take judicial notice of the record, you explained it better than I can, with his previous convictions of the assault, the attempted murder along with the case[.]" Hall claims that the judge's lack of impartiality was further demonstrated when he interrupted defense counsel while she was explaining that Hall's past charges were incurred when he was a teenager.

Although the judge did express his familiarity with Hall's criminal record, there is no indication of any personal animus in his remarks. In denying

Hall's motion to recuse, the judge pointed out that the information about Hall's criminal record is readily available to court personnel on CourtNet. Any judge considering Hall's motion for bond would have access to this information. As for the interruption of defense counsel, the trial judge would have been well aware that Hall was a juvenile when he incurred the earlier charges.

In regard to Hall's allegation that the judge should have recused himself because he served as the Commonwealth Attorney in his prior cases, our statutes and case law are clear that recusal in these circumstances is only required when the judge has participated in the current case, not a prior one. KRS 26A.015 provides that a judge disqualify himself in any proceeding "[w]here in private practice or government service he served as a lawyer or rendered a legal opinion in the matter in controversy[.]" KRS 26A.015(2)(b). In *Matthews v. Commonwealth*, 371 S.W.3d 743 (Ky. App. 2011), the appellant was found guilty of first-degree trafficking and being a persistent felony offender following a trial in April 2010. He argued that the judge should have recused himself because he served as the Commonwealth Attorney when the appellant was convicted of trafficking in 1999. A panel of this Court disagreed, in reliance on KRS 26A.015(2)(b) and *Commonwealth v. Carter*, 701 S.W.2d 409, 410 (Ky. 1985), stating that his 1999 conviction was not the "matter in controversy" and "therefore the trial judge's

position at that time is immaterial as a basis for his current recusal." *Matthews*, 371 S.W.3d at 753.

"Bail pending appeal is a matter that rests in the discretion of the trial court. RCr 12.78(1). The decision of the trial court regarding bail should not be disturbed by an appellate court unless it is clearly demonstrated that the trial judge failed to exercise sound discretion." *Commonwealth v. Peacock*, 701 S.W.2d 397, 398 (Ky. 1985). Furthermore, "[t]he presumption of innocence which is the basis of all legitimate guarantees of bail no longer applies to a convicted defendant. There is no absolute right to bail on appeal." *Id*. The trial judge was acting well within his discretion in considering Hall's prior record in denying bond. Upon review of the surrounding facts and circumstances, we conclude that a reasonable observer would not question the trial judge's impartiality and consequently he did not err in denying the motion to recuse.

## ii. The RCr 11.42 motion was denied on improper grounds and must be remanded.

The trial court denied Hall's RCr 11.42 motion alleging ineffective assistance of counsel on the grounds that it was premature, as Hall's conviction was not final, and the case remained on appeal at the time the motion was filed. The trial court may, however, consider allegations of ineffective assistance of counsel while a movant's direct appeal is pending. This approach is founded both in policy considerations and the language of the Rule itself:

> The wisdom of permitting such an independent attack on the conviction to proceed without awaiting the disposition of the direct appeal should be apparent. In the first place, the independent attack may render the direct appeal unnecessary. In the second place, where a question such as ineffective assistance of counsel is raised, it would be far better to dispose of that question promptly without waiting on the direct appeal to wend its way through the appellate system. In this way, if counsel has been ineffective, a new trial may be granted promptly while witnesses are more likely to be available and able to recall events with some clarity. . . . RCr 11.42(8) does not suspend a trial court's order in a proceeding under RCr 11.42 until the direct appeal of a conviction is finally disposed of. That section of the Rule suspends the effectiveness of the court's order in the collateral proceeding until any appeal of the order itself is disposed of.

*Wilson v. Commonwealth*, 761 S.W.2d 182, 184-85 (Ky. App. 1988).

The matter must therefore be remanded for the trial court to address the merits of Hall's RCr 11.42 motion. The trial court must review the record and determine whether "the motion on its face states grounds that are not conclusively refuted by the record and which, if true, would invalidate the conviction." *Lewis v. Commonwealth*, 411 S.W.2d 321, 322 (Ky. 1967); *see also Harper v. Commonwealth*, 978 S.W.2d 311, 314 (Ky. 1998). The trial court must also conduct an evidentiary hearing on the motion, but only "if there is a material issue of fact that cannot be conclusively resolved, *i.e.*, conclusively proved or disproved, by an examination of the record." *Fraser v. Commonwealth*, 59 S.W.3d 448, 452 (Ky. 2001) (citations omitted); RCr 11.42(5).

### iii. The trial court did not abuse its discretion in denying the CR 60.02 motion

Finally, Hall argues that the trial court erred in denying his motion pursuant to CR 60.02. CR 60.02 motions are limited to afford special and extraordinary relief not available in other proceedings. *McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997). We review the denial of a CR 60.02 motion for an abuse of discretion. *Partin v. Commonwealth*, 337 S.W.3d 639, 640 (Ky. App. 2010), *overruled on other grounds by Chestnut v. Commonwealth*, 250 S.W.3d 288 (Ky. 2008). The test for abuse of discretion is whether the trial court's decision was "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted). Absent a "flagrant miscarriage of justice," we will affirm the trial court. *Gross v. Commonwealth*, 648 S.W.2d 853, 858 (Ky. 1983). Hall's arguments seeking relief under CR 60.02 are substantially the same as those presented in his separate motion to recuse, relating to the trial judge's comments at the bond hearing, his familiarity with Hall's criminal record, and his involvement as the prosecutor in Hall's earlier cases. We reviewed these arguments earlier in this Opinion and concluded that they are without merit. Because there were no grounds for the trial judge to recuse himself, the denial of the CR 60.02 motion was not an abuse of discretion.

### III. CONCLUSION

The trial court's order of February 9, 2022, is affirmed insofar as it denied the motion to recuse, and the motion made pursuant to CR 60.02. The portion of the order denying the RCr 11.42 motion is vacated, and the case is remanded solely for the trial court to address and rule on the merits of that motion after reviewing the record and, if it deems it necessary, conducting an evidentiary hearing.

ALL CONCUR.


BRIEFS FOR APPELLANT:

Jewell Hall, *pro se*
Hopkinsville, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Mark D. Barry
Assistant Attorney General
Frankfort, Kentucky